**UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| In re:    DeMae A Brown<br>              Debtor<br>Citizens Bank, N.A. f/k/a RBS Citizens, N.A., or its Successor or Assignee<br>              Movant<br>       vs.<br>Kenneth E. West, Trustee<br>DeMae A Brown<br>              Respondents | Chapter 13<br>Bankruptcy No. 25-11722 |

## MOTION OF CITIZENS BANK, N.A. F/K/A RBS CITIZENS, N.A., OR ITS SUCCESSOR OR ASSIGNEE FOR RELIEF FROM AUTOMATIC STAY UNDER §362(a)

Movant: Citizens Bank, N.A. f/k/a RBS Citizens, N.A., or its Successor or Assignee

Mortgage dated June 4, 2004 and recorded on September 23, 2004 in the Office of the Recorder of Philadelphia County as Document ID No. 51021758.

Assignment of Mortgage dated March 28, 2013 and recorded on April 16, 2013 in the Office of the Recorder of Philadelphia County as Document ID No. 52624962.

1. Citizens Bank, N.A. f/k/a RBS Citizens, N.A., or its Successor or Assignee (hereinafter "Movant") holds a claim secured by a duly recorded Mortgage on property of DeMae A Brown, or of the bankruptcy estate located at: 3126 West Berks Street, Philadelphia, Pennsylvania 19121.

2. DeMae A Brown (hereinafter "Debtor") filed a Petition under Chapter 13 on May 2, 2025.

3. At the present time, the Mortgage requires payments each month of $842.51.

4. Movant has not received regular mortgage payments and lacks adequate protection of its interests.

5. Debtor is in default of post petition payments to the present date from July 1, 2025.

6. The total amount of the post-petition arrearage as of this date is $2,470.04. This figure is broken down as follows:

   -Three (3) delinquent payments of $842.51 for the months of July 2025 through September 2025
   -Less suspense balance of $57.49

7. Since September 10, 2025, Movant has incurred attorneys' fees in connection with this Motion.

8. Movant does not have and has not been offered adequate protection for its interest in said premises and may be required to pay expenses for said premises in order to preserve its lien, which is the obligation of the Debtor under said Mortgage.

9. Movant specifically requests permission from the Honorable Court to communicate with the Debtor and Debtor's counsel to the extent necessary to comply with applicable nonbankruptcy law.

10. Upon execution and entry of the Order granting the relief requested, the requirements specified in both (1) Fed. R. Bankr. P. 3002.1 (b) regarding Notice of Mortgage Payment Changes and (2) Fed. R. Bankr. P. 3002.1 (c) regarding Notice of Post-petition Mortgage Fees, Expenses and Charges are hereby waived, or made inapplicable, during the pendency of the within bankruptcy case.

WHEREFORE, Movant prays for an order modifying the automatic stay of Bankruptcy Code §362(a) to permit Movant to foreclose its Mortgage and to exercise any other rights it has under the Mortgage or with respect to the mortgaged property such actions may include but are not limited to selling the property at Sheriff Sale, entering into a loan modification or signing a deed in lieu of foreclosure; and

Further, granting Movant permission from this Honorable Court to communicate with the Debtor and Debtor's counsel to the extent necessary to comply with the applicable nonbankruptcy law.

/s/ Andrew M. Lubin, Esquire
MARISA MYERS COHEN, ESQUIRE ID #87830
ANDREW M. LUBIN, ESQUIRE ID # 54297
Attorney for Citizens Bank, N.A. f/k/a RBS Citizens, N.A.
1420 Walnut Street, Suite 1501
Philadelphia, PA 19102
Telephone: (215) 790-1010
Facsimile: (215) 790-1274
Email: ecfmail@mwc-law.com